IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WENDY S.,[1]                                    3:19-cv-01771-BR

           Plaintiff,                           OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.


KEVIN KERR
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

           Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

─────────────────────

     [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3717

       Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Wendy S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

I.  **Prior Proceedings**

On March 8, 2012, Plaintiff protectively filed her

2 - OPINION AND ORDER

application for DIB benefits.  Tr. 224, 1218.[2]  Plaintiff alleges

a disability onset date of March 1, 2011.  Tr. 224, 1218.

Plaintiff's date last insured (DLI) is March 31, 2013.  Tr. 12.

Plaintiff's application was denied initially and on

reconsideration.  An Administrative Law Judge (ALJ) held a

hearing on July 28, 2014.  Tr. 30-67.  Plaintiff and a

vocational expert (VE) testified at the hearing.  Plaintiff was

represented by an attorney at the hearing.

On August 27, 2014, the ALJ issued an opinion in which he

found Plaintiff was not disabled from March 1, 2011, her alleged

disability onset date, through March 31, 2013, Plaintiff's DLI,

and, therefore, was not entitled to benefits.  Tr. 7-29.

Plaintiff requested review by the Appeals Council.  On June 3,

2016, the Appeals Council denied Plaintiff's request to review

the ALJ's decision.  Tr. 1-3.

On August 2, 2016, Plaintiff filed a Complaint in this

Court seeking review of the Commissioner's decision.  See *Wendy*

*S. v. Commissioner*, Case No. 3:16-cv-01568-HZ.

On June 20, 2017, the District Court issued an Opinion and

_____

[2] Citations to the official Transcript of Record (#12)
filed by the Commissioner on April 20, 2020, are referred to as
"Tr."

Order reversing the decision of the Commissioner and remanding the case for the immediate payment of benefits.  Tr. 1311-22. The Court later amended its decision and remanded the case for further administrative proceedings.  Tr. 1323-30.

## II.  Current Proceedings

Following remand by the Appeals Council, the ALJ held a hearing on November 1, 2018.  Tr. 1244-82.  Plaintiff, a VE, and a medical expert (ME) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.

On December 14, 2018, the ALJ issued an opinion in which he again found Plaintiff was not disabled from March 1, 2011, her alleged disability onset date, through March 31, 2013, Plaintiff's DLI, and, therefore, is not entitled to benefits. Tr. 1218-34.  Plaintiff requested review by the Appeals Council. On August 29, 2019, the Appeals Council declined to assume jurisdiction, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1208-10.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 4, 2019, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

4 - OPINION AND ORDER

## BACKGROUND

Plaintiff was born on September 20, 1972.  Tr. 224, 1232.
Plaintiff was 40 years old on March 31, 2013, her DLI.
Tr. 1232.  Plaintiff has a high-school education and a college
degree.  Tr. 36-37, 1232.  Plaintiff has past relevant work
experience as an administrative assistant and merchandise
manager.  Tr. 1232.

Plaintiff alleges disability due to "severe pain, chronic
fatigue, depression/anxiety, bladder pain, fibromyalgia,
possible endometriosis, bipolar II, panic disorder, sleep
problems from nocturnal panic attacks, migraines,
depersonalization disorder, [and] brain fog/poor memory."
Tr. 98.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 1221-32.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden, a claimant must

demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and

resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R.

§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at
724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§ 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec.
Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v.
Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity from March 1, 2011, her alleged disability onset date, through March 31, 2013, her DLI. Tr. 1221.

9 - OPINION AND ORDER

At Step Two the ALJ found Plaintiff had the severe impairments of affective disorder, anxiety disorder, and fibromyalgia.  Tr. 1221.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 1222.  The ALJ found during the relevant period Plaintiff had the RFC to perform light work with the following limitations:  could perform simple, routine tasks consistent with a specific vocational preparation level of 1 or 2 but with a limited pace; could read, write, and subtract at the level of a person with four years of college education; and could have superficial contact with the public and co-workers.  Tr. 1225.

At Step Four the ALJ concluded Plaintiff was unable to perform her past relevant work during the relevant period. Tr. 1232.

At Step Five the ALJ found during the relevant period Plaintiff could perform other jobs that existed in the national economy such as office helper, mail-room clerk, and office cleaner.  Tr. 1233.  Accordingly, the ALJ found Plaintiff was not disabled from March 1, 2011, her alleged disability onset date, through March 31, 2013, her DLI.  Tr. 1233-34.

10 - OPINION AND ORDER

## **DISCUSSION**

Plaintiff contends the ALJ erred when he discounted the medical opinions of Ginevra Liptan, M.D., and Kathryn Sankey, M.D., Plaintiff's treating physicians.

## **I.    The ALJ did not err when he discounted the opinions of Drs. Liptan and Sankey.**

Plaintiff contends the ALJ erred by discounting the opinions of Plaintiff's treating providers when the ALJ determined whether Plaintiff was disabled from March 1, 2011, her alleged disability onset date, through March 31, 2013, her DLI.

### **A.    Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject

11 - OPINION AND ORDER

it by providing specific and legitimate reasons that are
supported by substantial evidence." *Id.*  When contradicted, a
treating or examining physician's opinion is still owed
deference and will often be "entitled to the greatest
weight . . . even if it does not meet the test for controlling
weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An
ALJ can satisfy the "substantial evidence" requirement by
"setting out a detailed and thorough summary of the facts and
conflicting clinical evidence, stating his interpretation
thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The
ALJ must do more than state conclusions.  He must set forth his
own interpretations and explain why they, rather than the
doctors', are correct." *Id.* (citation omitted).

    **B.  Analysis**

        **1.  Dr. Liptan**

        On July 18, 2014, Dr. Liptan completed a treating
source statement for Plaintiff.  Tr. 1204-06.  Dr. Liptan
indicated she had only been Plaintiff's treating physician since
September 2013, which is after the relevant period.  Tr. 1204.
Dr. Liptan opined during her time of treating Plaintiff that she
could occasionally lift/carry less than 10 pounds; could
frequently lift/carry less than five pounds; could stand/walk

for 10-to-15 minutes at one time and for two hours in an eight-hour workday; could sit for one hour at a time and for two hours in an eight-hour workday; required rest breaks to lie down or to recline due to fatigue and pain; had limitations in her upper and lower extremities that affected her ability to push, to pull, and to use her extremities repeatedly; could occasionally balance, handle, finger, and feel; and could not climb, stoop/bend, kneel, crouch, crawl, or reach.  Tr. 1204-05. Dr. Liptan also opined due to Plaintiff's symptoms she would likely miss more than two days a month, even from sedentary work, and Plaintiff's symptoms would likely increase in a competitive work environment.  Tr. 1206.  Dr. Liptan based her conclusions on Plaintiff's inability to "keep up" with her activities of daily living and her need for help with laundry and housework.  Tr. 1206.

        The ALJ concluded Dr. Liptan's opinion was "less probative" on the ground that Dr. Liptan did not treat Plaintiff during the relevant period and only began treating Plaintiff in September 2013, which was after the date Plaintiff was last insured (March 31, 2013), and, therefore, outside of the disability period at issue.  Plaintiff, however, relies on *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995), to argue medical

13 - OPINION AND ORDER

evaluations made after the expiration of a claimant's insured
status are relevant to an evaluation of the pre-expiration
condition.  In *Lester*, however, the medical opinion at issue was
completed only a few months after the plaintiff's date last
insured.  81 F.3d at 832.  Here Dr. Liptan's opinion was
rendered over a year after Plaintiff's DLI and related only to
her treatment of Plaintiff after the relevant period.  As noted,
Dr. Liptan did not treat Plaintiff during the relevant period.
Accordingly, Dr. Liptan lacked personal knowledge of Plaintiff's
condition during the period at issue.  *See Macri v. Chater*, 93
F.3d 540, 545 (9th Cir. 1996)(a treating physician's report
issued after the expiration of claimant's disability insured
status "affords little weight and is not reliable.").  *See also
Karen S. v. Comm'r, Soc. Sec. Admin.*, No. 6:19-CV-00730-MC, 2020
WL 5790386, at *5 (D. Or. Sept. 28, 2020)(same).

        The ALJ also pointed out that Dr. Liptan's treatment
records as well as the records of medical sources who saw
Plaintiff during the relevant period show "largely normal
objective findings" and do not support Dr. Liptan's assessment
of Plaintiff's limitations from the time she began to treat
Plaintiff in September 2013.  Tr. 1230.  For example, in
November 2012 Oleg Maksimov, M.D., an examining physician,

14 - OPINION AND ORDER

evaluated Plaintiff for reports of diffuse chronic pain.
Tr. 1069-72.  Dr. Maksimov noted Plaintiff ambulated freely
around the room, had mild palpatory tenderness of her cervical
and thoracic spine, had diffuse palpatory tenderness of the
lumbar spine, had normal range of motion, had negative straight-
leg raising, had normal strength in her extremities, and a
normal neurologic examination.  Tr. 1071, 1228.  Moreover,
Dr. Maksimov assessed Plaintiff with fibromyalgia rather than
myofascial pain syndrome, and he recommended Plaintiff continue
exercising and stretching.  Tr. 1072.  As noted, the ALJ
concluded Dr. Liptan did not provide support for her assessment
of Plaintiff's limitations, but merely stated Plaintiff was
"barely able" to keep up with her activities of daily living and
required help to do laundry and housework.  Tr. 1206, 1230.  "An
ALJ is not required to take medical opinions at face value, but
may take into account the quality of the explanation when
determining how much weight to give a medical opinion."  *Ford v.
Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020)(citing 20 C.F.R.
§ 404.1527(c)(3)).

On this record the Court concludes the ALJ did not err
when he discounted Dr. Liptan's opinion because the ALJ provided
legally sufficient reasons supported by substantial evidence in

the record for doing so.

### 2.   Dr. Sankey

On October 23, 2018, Dr. Sankey completed a treating
source statement.  Tr. 2225-29.  Dr. Sankey first started
treating Plaintiff in September 2016.  Tr. 1833, 2229.
Dr. Sankey opined Plaintiff can frequently lift/carry less than
ten pounds; can intermittently stand and/or walk for ten minutes
at one time and can stand and/or walk for less than two hours in
an eight-hour workday; can sit for 30 minutes at one time and
can sit for more than six hours in an eight-hour day; cannot
climb, balance, stoop/bend, kneel, crouch, crawl, or reach
overhead; and can occasionally handle, finger, and feel.
Tr. 2226.  Dr. Sankey estimated Plaintiff's attention and
concentration was impaired 60% of the time and that she would
miss more than 16 hours of work per month.  Tr. 2227.
Dr. Sankey opined Plaintiff would have been limited by these
impairments during the relevant period.  Tr. 2227.

The ALJ did not give any weight to Dr. Sankey's
opinion.  Tr. 1231.  The ALJ concluded Dr. Sankey's opinion was
"less persuasive as it pertains to the relevant period at issue"
on the ground that she began treating Plaintiff more than three
years after Plaintiff's DLI.  The ALJ also noted Dr. Sankey did

not review any records related to the relevant period, she
appears to rely primarily on Plaintiff's subjective history, and
she failed to provide sufficient support for her assessment of
Plaintiff's limitations.  The ALJ noted the medical records do
not support the limitations assessed by Dr. Sankey and were
inconsistent with Plaintiff's activities of daily living prior
to the DLI.  Tr. 1231.  For example, Dr. Sankey opined Plaintiff
needed an "in-home caregiver . . . to complete daily tasks and
care for her 3 children."  Tr. 2229.  In June 2016, however,
Dr. Liptan noted Plaintiff was "able to care for self and
children," and Plaintiff stated during the relevant period that
she cared for her children by taking them to the park, preparing
their meals, taking them to school, and caring for her two-year-
old child at home during the day.  Tr. 393, 1207, 1228, 1230.
Plaintiff also indicated she functioned "essentially as a stay-
at-home mom" during the relevant period.  Tr. 1138.

          On this record the Court concludes the ALJ did not err
when he discounted Dr. Sankey's opinion because the ALJ provided
legally sufficient reasons supported by substantial evidence in
the record for doing so.

     In summary, the Court concludes the ALJ did not err in his
evaluation of the opinions of Drs. Liptan and Sankey regarding

Plaintiff's limitations during the relevant period of alleged disability.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 22nd day of October, 2020.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge